UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| FRANCISCO HERNANDEZ and MERCY HERNANDEZ,<br><br>Plaintiff,<br><br>v.<br><br>WELLS FARGO BANK, N.A d/b/a WELLS FARGO HOME MORTGAGE, INC.<br>Defendant. | Civil Action No.<br>**JURY TRIAL DEMANDED** |

## **COMPLAINT**

Now come the Plaintiffs, Francisco Hernandez and Mercy Hernandez ("Plaintiffs"), by counsel, and for their Complaint against the Defendant, Wells Fargo Bank, N.A. d/b/a Wells Fargo Home Mortgage, Inc., state as follows:

### I. INTRODUCTION

1. This is an action for actual and statutory damages brought by Plaintiffs against the Defendant for the willful, knowing, and /or negligent violation of Chapter 41, the Consumer Credit Protection Credit Act, of Title 15 (Commerce and Trade) of the United States Code, specifically, 15 U.S.C. Sec. 1681 et seq., (known as the "Fair Credit Reporting Act"), hereafter the "FCRA"), which relates to the dissemination of consumer credit and other financial information.

### II. PARTIES

2. At all pertinent times hereto, the Plaintiffs were citizens of Massachusetts, residing at 22 Sherman Street, Peabody, Massachusetts ("property"). The Plaintiffs are "consumer(s)"as the term is defined and contemplated in the FRCA.

1

3. The Defendant, Wells Fargo Bank N.A. d/b/a Wells Fargo Home Mortgage, Inc. ("Defendant" or "Wells Fargo"), is a corporation organized and existing under the laws of the State of California, with principal offices located in Des Moines, Iowa. At all pertinent times herein, Wells Fargo was engaged in the business of mortgage lending in the Commonwealth of Massachusetts.

### III. JURISDICTION and VENUE

4. This Court has jurisdiction over this matter pursuant to 28 U.S.C. Sec. 1331, 28 U.S.C. Sec. 1367, and 15 U.S.C. Sec. 1681. Venue is proper in this District because the Defendant transacts business in this District and the conduct complained of occurred here.

### IV. FACTS

5. At all pertinent times herein Plaintiffs owned and resided in the property, which was burdened by a mortgage held by Wells Fargo (the "mortgage").

6. The Plaintiffs purchased the property in June of 2009.

7. On or about November 29, 2011, the Plaintiffs discovered that the Defendant had falsely reported to the various consumer report agencies that the Wells Fargo mortgage account's pay status was "180 days late." In turn, the consumer report agencies included the late payment information in the Plaintiffs' consumer file, which caused the information in Plaintiffs' consumer file to be inaccurate, incomplete, and/or unverifiable.

8. On or about November 29, 2011, the Plaintiffs disputed in writing the accuracy of the information related to the mortgage account as reported by Wells Fargo, specifically that mortgage payments being reported late by the Defendant pre-dated the Plaintiffs' purchase of the property.

9. As a result of the Defendant's conduct and/or inaction as alleged herein, the Plaintiffs

have suffered damages, including but not limited to mental anguish, turmoil, stress, embarrassment, humiliation, emotional distress, loss of privacy, credit denials, loss of commercial viability, harm to their reputation, and decrease to Plaintiffs' credit score, credit rating, and perceived credit worthiness.

10. The Defendant's conduct and/or inaction as alleged herein was oppressive and was carried out in reckless disregard for the rights of the Plaintiffs, warranting imposition of the maximum statutory penalties under the law and punitive damages.

## COUNT I – WILLFUL NONCOMPLIANCE WITH THE FCRA

11. Plaintiffs adopt and restate herein the allegations set forth in paragraphs 1 through 10 above.

12. The Defendant willfully failed to comply with the requirements of the FCRA by failing to review all relevant information provided by the consumer report agencies concerning the Plaintiffs, failing to timely modify, delete or correct the reporting of inaccurate, incomplete and unverifiable information, and by reporting late payment information that preceded the Plaintiffs execution of the mortgage to the Defendant.

13. Wells Fargo's actions in this regard caused the Plaintiffs to suffer mental anguish, turmoil, stress, embarrassment, humiliation, emotional distress, loss of privacy, credit denials, loss of commercial viability, harm to their reputation, and decrease to Plaintiffs' credit score, credit rating, and perceived credit worthiness.

14. Wells Fargo is liable to the Plaintiffs for its willful noncompliance with the FCRA for actual damages, including damages suffered as a result of Plaintiffs' mental anguish, turmoil, stress, embarrassment, humiliation, emotional distress, loss of privacy, credit denials, loss of commercial viability, harm to their reputation, and decrease to Plaintiffs' credit score, credit

rating, and perceived credit worthiness, statutory damages, and punitive damages, plus the costs of this action, together with reasonable attorney's fees.

## COUNT II – Negligent Noncompliance with the FCRA

15. Plaintiffs adopt and restate herein the allegations set forth in paragraphs 1 through 14 above.

16. The Defendant negligently failed to comply with the requirements of the FCRA by failing to review all relevant information provided by the consumer report agencies concerning the Plaintiffs, failing to timely modify, delete or correct the reporting of inaccurate, incomplete and unverifiable information and by reporting late payment information that preceded the Plaintiffs execution of the mortgage to the Defendant.

17. Wells Fargo's actions in this regard caused the Plaintiffs to suffer mental anguish, turmoil, stress, embarrassment, humiliation, emotional distress, loss of privacy, credit denials, loss of commercial viability, harm to their reputation, and decrease to Plaintiffs' credit score, credit rating, and perceived credit worthiness.

18. Wells Fargo is liable to the Plaintiffs for its negligent noncompliance with the FCRA for actual damages, including damages suffered as a result of Plaintiffs' mental anguish, turmoil, stress, embarrassment, humiliation, emotional distress, loss of privacy, credit denials, loss of commercial viability, harm to their reputation, and decrease to Plaintiffs' credit score, credit rating, and perceived credit worthiness, statutory damages, and punitive damages, plus the costs of this action, together with reasonable attorney's fees.

## COUNT III – Intentional Infliction of Emotional Distress

19. Plaintiffs adopt and restate herein the allegations set forth in paragraphs 1 through 18 above.

20. The Defendant's actions toward the Plaintiffs were wanton, willful, and outrageous in that the Defendant caused inaccurate, unverifiable, false, incomplete, defamatory, and derogatory information to be included in Plaintiffs' consumer file, which was reported to others, in blatant violation of Plaintiffs' rights.

21. Wells Fargo's outrageous actions in this regard caused the Plaintiffs to suffer mental anguish, turmoil, stress, embarrassment, humiliation, emotional distress, loss of privacy, credit denials, loss of commercial viability, harm to their reputation, and decrease to Plaintiffs' credit score, credit rating, and perceived credit worthiness.

22. It was a reasonably foreseeable result of the Defendant's outrageous actions that Plaintiffs would suffer such injury to the Plaintiffs.

23. Therefore, the Defendant is liable to the Plaintiffs for their outrageous actions for actual damages suffered as a result of Plaintiffs' mental and emotional distress, anguish, humiliation, embarrassment, and loss of privacy, loss of commercial viability, and loss of credit rating, reputation, and perceived credit worthiness, plus punitive damages.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs, Francisco Hernandez and Mercy Hernandez, pray for the following relief against the Defendant, Wells Fargo Bank, N.A.:

- A) Entry of Judgment against the Defendant on all applicable counts herein;
- B) An award of actual damages to compensate the Plaintiffs for their injuries, plus pre- and post-judgment interest thereon, at the maximum rate and for the maximum duration allowable by law;
- C) An award of punitive damages;
- D) An award of statutory damages;

E)   Trial by jury;

F)   Costs of this action;

G)   Reasonable attorney's fees; and

H)   Any and all relief to which Plaintiffs may be entitled.

Respectfully submitted,

Plaintiffs,

FRANCISCO HERNANDEZ and
MERCY HERNANDEZ
By their attorney,

/s/ James F. Mears, Jr.
James F. Mears, Jr. (SBN 544274)
Law Office of James F. Mears, Jr.
80 Foster Street, Unit 101
Peabody, Massachusetts 01960
Tel.: 978.717.5042
Fax: 888.799.7916
Email: jfmears@gmail.com