UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

FRANCISCO HERNANDEZ
and MERCY HERNANDEZ,

Plaintiff,

v.

WELLS FARGO BANK, N.A d/b/a
WELLS FARGO HOME MORTGAGE, INC.
Defendant.

Civil Action No. 1:13-CV-13047-NMG

**JURY TRIAL DEMANDED**

## FIRST AMENDED COMPLAINT

Now come the Plaintiffs, Francisco Hernandez and Mercy Hernandez ("Plaintiffs"), by counsel, and for their First Amended Complaint against the Defendant, Wells Fargo Bank, N.A. d/b/a Wells Fargo Home Mortgage, Inc., state as follows:

### I. INTRODUCTION

1. This is an action for actual and statutory damages brought by Plaintiffs against the Defendant for the Consumer Credit Protection Credit Act, of Title 15 (Commerce and Trade) of the United States Code, specifically, 15 U.S.C. Sec. 1681 et seq., (known as the "Fair Credit Reporting Act"), hereafter the "FCRA"), which relates to the dissemination of consumer credit and other financial information.

### II. PARTIES

2. At all pertinent times hereto, the Plaintiffs were citizens of Massachusetts, residing at 22 Sherman Street, Peabody, Massachusetts ("property"). The Plaintiffs are "consumer(s)"as the term is defined and contemplated in the FRCA.

3. The Defendant, Wells Fargo Bank N.A. d/b/a Wells Fargo Home Mortgage, Inc.

1

("Defendant" or "Wells Fargo"), is a corporation organized and existing under the laws of the State of California, with principal offices located in Des Moines, Iowa. At all pertinent times herein, Wells Fargo was engaged in the business of mortgage lending in the Commonwealth of Massachusetts.

### III. JURISDICTION and VENUE

4. This Court has jurisdiction over this matter pursuant to 28 U.S.C. Sec. 1331, 28 U.S.C. Sec. 1367, and 15 U.S.C. Sec. 1681. Venue is proper in this District because the Defendant transacts business in this District and the conduct complained of occurred here.

### IV. FACTS

5. At all pertinent times herein Plaintiffs owned and resided in the property, which was burdened by a mortgage held by Wells Fargo (the "mortgage").

6. The Plaintiffs purchased the property in June of 2009.

7. The Plaintiffs entered into a loan agreement ("loan") with the above Defendant to finance the purchase of the property.

8. The Plaintiffs understood that the first payment due under the loan was on August 1, 2009, and the Plaintiffs made said payment as well as timely monthly payments due thereafter.

9. That sometime in the fall of 2009, the Plaintiffs went to Bank of America to inquire about a loan for funds to make improvements to the property.

10. Bank of America ("Bank") informed the Plaintiffs that the loan with the Defendant was showing dates of entries which were not consistent with the commencement date of the loan and, further that "late" entries for the loan were on the Plaintiffs' credit report.

11. The Plaintiffs were informed by the Bank that the Bank could not extend the Plaintiffs any credit as a result of the "late" entries for the loan.

12. The Plaintiffs thereafter requested that Trans Union (CRA) obtain a correction of the inaccurate information from the Defendant and, further, understood thereafter that the CRA informed the Defendant of the inaccurate information.

13. Despite having received notice of the claimed inaccuracy from the CRA, the Defendant continued to report to both the Plaintiffs and the CRA that the Plaintiffs loan payments were late.

14. The Plaintiffs again attempted to have the incorrect loan information corrected, but the Defendant responded by representing that the loan reporting to the CRA was accurate.

15. That as a result of the improper reporting of the commencement date of the Plaintiffs' loan payment obligation, as well as the incorrect status of their loan payments, followed by a refusal to correct the disputed loan delinquency after notice of the claimed inaccuracy by the CRA, the Plaintiffs' credit was adversely affected and they were unable to obtain any additional loans, funding or credit.

## COUNT I - VIOLATION OF FEDERAL FAIR CREDIT REPORTING ACT
## (15 U.S.C. SEC.1681s-2(b))

16. Plaintiffs repeat and re-allege paragraphs 1 through 15 and incorporate them herein by reference.

17. The Plaintiffs notified the CRA that they disputed the validity, accuracy, and completeness of the Defendant's reports to the CRA that the Plaintiffs had been delinquent in their loan payments due to the Defendant's mishandling of the origin date of the Plaintiffs' loan.

18. On information and belief, the CRA notified the Defendant of Plaintiffs' said dispute.

19. The Defendant failed to conduct a proper investigation with respect to the disputed information, or to review all relevant information concerning the dispute, or to recognize and acknowledge its own mishandling of the origin date of the Plaintiffs' loan, or to report the results of its investigation to the consumer reporting agencies, or to modify, delete or correct the

information it had provided to the credit agencies, all in violation of 15 U.S.C. Sec. 1681s-2(b).

20. The Defendant also failed to advise the credit reporting agencies, following investigation of the Plaintiffs dispute of the claim, that the reported delinquencies continued to be disputed by the Plaintiffs.

21. The Defendant's admission of the disputed nature of the reported delinquencies rendered the information provided by the Defendant misleading, so as to be incomplete or inaccurate within the meaning of 15 U.S.C. Sec. 1681s-2(b).

22. Such actions on the part of the Defendant were done willfully in violation of the said statute within the meaning of 15 U.S.C. Sec. 1681n, or negligently within the meaning of Sec. 1681o.

23. The Plaintiffs have, as a result of Defendant's breaches, been caused significant financial harm by damage to their credit rating and reputation and denial of loan and mortgage credit opportunities and credit denials.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs, Francisco Hernandez and Mercy Hernandez, request that this Court:

    A) Enter judgment for the Plaintiffs against the Defendant;

    B) Order that the Defendant forthwith notify all credit reporting agencies to which it had previously reported Plaintiffs' delinquencies that such reports were inaccurate and erroneous, and that the Plaintiffs were not delinquent in payments rightfully due and owing to the Defendant;

    C) Order that the Defendant forthwith provide the Plaintiffs with a written document, sufficient to satisfy potential mortgage lenders, stating that the Defendant's

reports to credit reporting agencies of the Plaintiffs' delinquencies were inaccurate and erroneous, and that Plaintiffs were not delinquent in any payments rightfully due and owing to the Defendant;

D) Award damages to the Plaintiffs in such amount as is determined at trial;

E) Award punitive damages as provided in applicable federal statutes;

F) Award interest, costs and attorney's fees;

G) Award such other and further relief as this Court deems just and proper.

**PLAINTIFFS DEMAND TRIAL BY JURY**

Respectfully submitted,

Plaintiffs,

FRANCISCO HERNANDEZ and
MERCY HERNANDEZ
By their attorney,

/s/ James F. Mears, Jr.
James F. Mears, Jr. (SBN 544274)
Law Office of James F. Mears, Jr.
80 Foster Street, Unit 101
Peabody, Massachusetts 01960
Tel.: 978.717.5042
Fax: 888.799.7916
Email: jfmears@gmail.com

October 22, 2014

## **CERTIFICATE OF SERVICE**

I, James F. Mears, Jr., hereby certify that on this day, the Plaintiffs' **First Amended Complaint** filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non registered participants.

Date: October 22, 2014                                         */s/James F. Mears, Jr.*
                                                                              James F. Mears, Jr.